Ivan D. v Little Richie Bus Serv. Inc. (2018 NY Slip Op 04823)





Ivan D. v Little Richie Bus Serv. Inc.


2018 NY Slip Op 04823


Decided on June 28, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 28, 2018

Acosta, P.J., Sweeny, Webber, Kahn, Oing, JJ.


6992 350015/14

[*1]Ivan D., etc., et al., Plaintiffs-Respondents,
v
Little Richie Bus Service Inc., et al., Defendants, The City of New York, Defendant-Appellant.


Cornell Grace, P.C., New York (Porsha R. Johnson of counsel), for appellant.
Rubenstein & Rynecki, Brooklyn (Harper A. Smith of counsel), for respondents.



Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered on or about August 9, 2017, which denied the motion of defendant City of New York for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
The City's motion should have been granted in this action where infant plaintiffs Mariah A. D. and Ivan D. were on their way to school and walking within the crosswalk when Ivan was struck by a school bus owned by defendant Little Richie Bus Service Inc. and operated by defendant Evelyn Rivera. Although the City had assigned a school crossing guard to assist children such as infant plaintiffs to cross the intersection, the person who was ordinarily assigned to the intersection called out sick that morning.
In order to establish that the City voluntarily assumed a duty, plaintiffs have the burden of showing: (1) an assumption by the City's agents, through promises or action, of an affirmative duty to act on behalf of plaintiffs; (2) knowledge on the part of the City's agents that inaction could lead to harm; (3) some form of direct contact between the City's agents and plaintiffs; and (4) justifiable reliance by plaintiffs (see Valdez v City of New York, 18 NY3d 69, 80 [2011]; Cuffy v City of New York, 69 NY2d 255, 260 [1987]). Here, the record shows that no special duty existed between the City and plaintiffs before the accident. There was no direct contact between the City's agents and plaintiffs, and the facts that the school crossing guard greeted
infant plaintiffs and the children relied upon the crossing guard's instructions when the guard was at the intersection before the accident is insufficient to create a special duty.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 28, 2018
CLERK